IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

|  |  |
|---|---|
| TERRY HIGGINBOTHAM, et al. ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | 02-AR-2535-J |
| ) | |
| NORTHERN INSURANCE COMPANY ) | |
| OF NEW YORK, et al. ) | |
| ) | |
| Defendants. ) | |

FILED
02 NOV 22 AM 11:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
NOV 22 2002

**MEMORANDUM OPINION**

Before the court is a motion to remand filed by plaintiffs, Terry and Sandra Higgenbotham ("Higginbothams"), and a motion to dismiss or in the alternative a motion for summary judgment filed by non-diverse defendants, Farmers Insurance Exchange ("Farmers") and David Swindell ("Swindell").

In their state court complaint, the Higginbothams make the following claims against defendant Northern Insurance Company of New York: bad faith failure to pay an insurance claim (Count I), bad faith failure to investigate an insurance claim (Count II), and outrage in the handling of an insurance claim (Count III). The only claim asserted against Farmers and Swindell is Count II. The Higginbothams are resident citizens of Walker County, Alabama. Northern is a corporation organized and existing under the laws of the State of New York, having its principal place of

1

business in Illinois. Farmers is a reciprocal insurance exchange organized under the laws of the State of California but is deemed to be a resident of Alabama where members of its exchange reside. Swindell is a resident citizen of Madison County, Alabama. Defendants filed their notice of removal on October 16, 2002 claiming that the joinder of Farmers and Swindell was fraudulent so that their citizenship must be disregarded in determining whether diversity jurisdiction exists. Defendants claim that Farmers and Swindell were not parties to any insurance contract and therefore they cannot be held liable for any alleged breach or non-payment by Northern.

According to defendants, regardless of who actually performs the investigation or makes an inexcusably wrong decision, only the company issuing the contract of insurance can be liable for bad faith. *See Pate v. Rollinson Logging Equip., Inc.* 628 So. 2nd 337, 343 (Ala. 1993); *see also Simmons v. Congress Life Ins. Co.*, 791 So.2d 360, 365 (Ala.Civ. Ap. 1998). Defendants correctly point out that the Higginbothams admit in their complaint that the policy was issued by Northern, not Farmers or Swindell. Defendants also argue that there is nothing in the complaint that suggests a contractual relationship between the Higginbothams and Farmers or Swindell. To support this proposition the defendants rely on *Simmons v. Congress Life Ins. Co.*, 791 So.2d 360, 365

(Ala.Civ. Ap. 1998). In *Simmons*, the court affirmed summary judgment in favor of Insurance Administrative Corporation (IAC) finding that "[i]t is undisputed that IAC did not issue the policy of insurance . . .but acted as a third party administrator..." The Higginbothams also rely on *Simmons* but argue from it that Swindell and Farmers had a contractual duty and/or quasi-contractual duty to investigate their claim. Unlike the court in *Simmons*, there is no evidence before the court to determine that there was absolutely no contractual relationship between the Higginbothams and Farmers or Swindell.

The necessarily assumed facts are these: the Higginbothams filed a claim with Lacy Grice Insurance Agency ("Lacy Grice") for hailstorm damage to their roof and house. Swindell, a claims representative for Farmers, contacted the Higginbothams, inspected their roof and said the insurance company was not going to cover the loss. Then Jeffrey Grice, of Lacy Grice, wrote Farmers asking it to reconsider the denial of coverage.

The court must evaluate the parties' factual allegations in the light most favorable to plaintiffs and resolve all uncertainties about state substantive law in favor of plaintiffs. *Whitlock v. Jackson Nat'l Life Ins.*, 32 F. Supp.2d 1286. 1289 (M.D. ALA. 1998). "If there is a possibility that a state court would find that the complaint states a cause of action against

3

any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court." *Id.* Based on the meager evidence presented thus far it is hard to determine what role Farmers and Swindell played. It seems clear that the Higginbothams had a contract with Northern and not with Farmers or Swindell. However, Farmers and Swindell were just as clearly involved. They investigated the claim and denied coverage. All correspondence regarding the Higginbothams' insurance claim was through Farmers and/or Swindell. There is at least "a possibility" that a state court could find a cause of action against Farmers and/or Swindell. This court is unwilling to preclude that possibility.

Even if the court should agree with defendants that Farmers and Swindell are not proper defendants and should be dismissed, Northern cannot meet the amount-in-controversy threshold for diversity jurisdiction. During the claims investigation, the Higginbothams submitted estimates in the $3000 to $5000 range for repair to their roof. The Higginbothams seek unspecified compensatory damages, including damages for mental anguish, and punitive damages. Farmers and Swindell cite a litany of Alabama cases with large punitive damages awards rendered in "similar cases." Farmers and Swindell also urge the court to consider the potential in Higginbothams' claims for damages based upon alleged

4

mental anguish and emotional distress. In *Arnold v. Guideone Specialty Mut. Ins. Co.*, 142 F. Supp.2d 1319 (N.D. Ala. 2001), this court stated its position in cases where the insurer fails to satisfy its burden of showing that the recoverable damages under contractual limitations more likely than not would exceed the $75,000 amount-in-controversy requirement for diversity jurisdiction based on the risk that the jury would award more than $75,000 in contractual and extra contractual damages when there is a bad faith claim but a small amount of economic loss.

The court will by separate order grant plaintiffs' motion to remand. Defendants' motion to dismiss or, in the alternative, motion for summary judgment will remain for the state court to decide.

DONE this 22nd day of November, 2002.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE